IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ADAM SANCHEZ, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | Case No: |
| ] | |
| DELOITTE SERVICES, LP ] | JURY DEMAND |
| ] | |
| Defendants. ] | |

## COMPLAINT

Comes now the Plaintiff, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 1331 and 1343(a)(4).

2. This Court has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28. U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case controversy.

4. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff, Adam Sanchez, is an adult male individual and citizen of the United States who resides in Davidson County, Nashville, Tennessee.

6. At all relevant times, Mr. Sanchez was an employee of Defendant Deloitte pursuant to 38 U.S.C. § 4303(4)(a).

7. Mr. Sanchez is a 20-year member of the United States Army Reserve and is therefore entitled to the protections of USERRA. 38 U.S.C. § 4303(16).

8. Defendant is a private employer who "pays salary or wages for work performed or that has control over employment opportunities." 38 U.S.C. § 4303(4)(a).

9. Defendant is registered with the Tennessee Secretary of State as a Foreign Limited Partnership.

10. Defendant's registered agent for service in Tennessee is Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

**FACTUAL ALLEGATIONS**

11. Plaintiff accepted a position with Defendant in October 1999.

12. At the time of his employment, Defendant was aware of Plaintiff's membership in the United States Army Reserve.

13. During his military service, Mr. Sanchez served in Acquisition & Logistics.

14. His duties ranged from full-scale surge logistics in Iraq and Afghanistan to procurements and contracting under the Defense Contracting Management Agency.

15. Defendant is a certified contracting officer for the Department of the Army with experience in acquisitions of a variety of products and services exceeding hundreds of millions of dollars.

16. Deloitte benefitted from Plaintiff's military experience and insight in performing contract management duties for Deloitte's Federal clients.

**Plaintiff's First Three Tours of Duty**

17. Plaintiff took part in 4 separate tours of active duty during his time working for Defendant.

18. The first tour was in 2003-2004 as part of Operation Noble Eagle.

19. Plaintiff was stationed at Ft. Campbell, Clarksville, TN for this tour.

20. Prior to this first mobilization, Plaintiff's title at Defendant was Financial Analyst Level 4.

21. Upon his return, Plaintiff transferred to IT Developer Level 4, demonstrating superior performance resulting in a 20% salary increase.

22. Plaintiff's second tour was in 2007-2008 as part of Operation Iraqi Freedom.

23. Plaintiff was stationed at Camp Arifijan, Kuwait for this tour.

24. Prior to this second mobilization Plaintiff's title at Defendant was IT Manager Level 5 with 4 directly reporting employees.

25. Upon his return, Plaintiff was promoted to IT Business Analyst Level 5, w/ superior performance along with a 10% salary increase.

26. Plaintiff's third tour was in 2009 as part of Operation Enduring Freedom.

27. Plaintiff was stationed in Kandahar, Afghanistan for this tour.

28. Prior to Mobilization Plaintiff's title at Defendant was IT Business Analyst Level 5.

29. Upon his return, Plaintiff was promoted to Federal Finance Manager Level 5 along with a 6% salary increase.

30. For Plaintiff's first three tours of duty, Defendant appreciated Mr. Sanchez and complied with USERRA, 38 U.S.C. § 4301 et seq.

31. Defendant clearly understood not only the benefits they received from Plaintiff's service, but also complied with their duties under federal law.

### Plaintiff's Fourth Tour of Duty

32. Plaintiff's fourth tour was in 2015-2016 as part of a Defense Acquisition Workforce Development tour.

33. Plaintiff coordinated with management at Defendant for his mobilization.

34. Prior to mobilization, Mr. Sanchez' title was Federal Business Systems Manager with 6 reporting employees.

35. In his position prior to his mobilization, Plaintiff directly supervised 6 employees and 2 contractors.

36. Not long before his mobilization, Plaintiff completed a significant Costpoint/Cognos implementation very important to Defendant

37. Defendant praised Plaintiff for his contributions to this implementation prior to his mobilization.

38. Defendant arranged for Mr. Mike Butler, Senior Manager, to assume Plaintiff's job responsibilities while he was mobilized.

39. Plaintiff coordinated with management at Defendant for his return, making a timely application for return.

### Plaintiff's Demotion upon his return

40. Upon Plaintiff's return he was notified his Federal Business Systems Manager position was eliminated.

41. Upon Plaintiff's return he was demoted to Lead Contracts Administrator- Level 4.

42. Defendant hired a new Federal Business Systems Manager soon after Plaintiff's demotion.

43. Based on his previous career trajectory and Plaintiffs excellent work record with Defendant, it is reasonably certain he would have been promoted in 2015-2016 had he not been deployed.

44. Other employees at Defendant held the position Plaintiff held prior to his deployment.

45. Other employees at Defendant have been hired into the position Plaintiff held after his return from his deployment.

46. There was no change of circumstances which would make proper reemployment impossible.

47. Defendant did not make any offers to train Plaintiff so he may perform any job duties of his former position which may have changed during the time of his deployment.

48. Plaintiff's employment at Defendant was not for a brief, non-recurrent period.

49. Plaintiff received no salary increase upon his return.

50. Plaintiff no longer supervised the same number of employees he supervised prior to his deployment.

51. Plaintiff no longer had the same level of responsibility after his return.

52. Plaintiff no longer had the opportunity to make the same work-related bonuses he had prior to his mobilization.

53. Plaintiff's new job was not simply a "title change" as Defendants perfidiously claim.

54. Defendant claimed they could not take transfers from another division as managers as an excuse for the demotion.

55. Defendant had two employees just prior to Plaintiff's return transfer into another division as a manager.

56. These employees had the same, or less, seniority than Plaintiff.

57. Given Plaintiff's work history and career trajectory at Defendant, Plaintiff would have certainly received a promotion over the time of this mobilization.

58. Plaintiff fulfilled his military requirements flawlessly and expected to be reinstated at a position he was entitled using the "escalator principle" as required by USERRA, 38 U.S.C. § 4301 et seq.

59. Defendant was well aware of their responsibilities under USERRA as evidenced by prior dealings with this Plaintiff and others who serve in the Military Reserves.

60. As a result of the actions of the Defendant, Plaintiff has suffered damages.

61. Liquidated damages in this matter are proper.

62. Compensatory damages in this matter are proper.

63. Punitive damages in this matter are proper.

## COUNT I- CONVERSION

64. Conversion is the appropriation of another's property to one's own use and benefit, by the exercise of dominion over the property, in defiance of the owner's right to the property. *Ralston v. Hobbs*, 306 S.W.3d 213, 221 (Tenn. Ct. App. 2009).

65. In an action for conversion regarding pay, the plaintiff must establish that the defendant appropriated the plaintiff's earnings in defiance of the plaintiff's rights to those earnings. *Owens v. Univ. Club of Memphis*, 1998 Tenn. App. LEXIS 688, at *37 (Ct. App. Oct. 15, 1998)

66. Defendant refused to pay Plaintiff monies which were legally his in the form of additional salary and/or additional benefits to which he was entitled.

67. USERRA gave a right in the Plaintiff to those earnings.

68. Defendant knew the legal requirements for employers under USSERA and at a minimum, recklessly disregarded these rights as it relates to Plaintiff.

69. Each paycheck the Defendant paid to Plaintiff after his return from his fourth deployment constitutes a new count of conversion.

70. Alternatively, Defendant intentionally disregarded the rights of the Plaintiff in order to keep monies which he was legally entitled to.

71. A plaintiff's damages in an action for conversion are measured by the sum necessary to compensate him for all actual losses or injuries sustained as a natural and probable result of the defendant's wrong. *Philp v. Se. Enters., LLC*, 2018 Tenn. App. LEXIS 73, at *21 (Ct. App. Feb. 9, 2018)

72. A Plaintiff may recover punitive damages for a conversion claim if they show by clear and convincing evidence the conversion was accompanied by malice, insult, reckless and

willful disregard of the plaintiff's rights, or other proof showing the aggravated nature of the act. *White v. Empire Express, Inc*., 395 S.W.3d 696, 720-21 (Tenn. Ct. App. 2012)

## COUNT II- VIOLATION OF USSERA, 38 USC 4301 *et. seq.*

73. Plaintiff was called to duty and served the United States Military.

74. Plaintiff gave Defendant prior notice before leaving for his final deployment.

75. His deployment did not last more than 5 years.

76. Plaintiff was released from his service honorably by the United States Army Reserve.

77. Plaintiff made a timely application for reemployment upon his release from the United States Army Reserve.

78. Upon his return, Defendant did not return Plaintiff to a position with the seniority and other rights and benefits that the employee had on the date of the commencement of his service.

79. Upon his return, Defendant did not return Plaintiff to a position which included the additional seniority, rights and benefits Plaintiff would have attained if the employee had remained continuously employed.

80. As a result, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of lost wages and benefits Plaintiff would have received but for Defendant's violation of USSERA, including any front pay to which he may be entitled,

(2) Liquidated damages,

(3) Compensatory damages,

(4) Punitive damages

(5) An order by the court to change all employment records to reflect Plaintiff's position and job duties as he would have been entitled to absent Defendant's violation of USSERA;

(6) All reasonable costs and attorney's fees;

(7) Prejudgment and post judgment interest;

(8) Any such other legal relief as may be appropriate or to which Plaintiff may be entitled under federal or state law.

**Plaintiff demands a jury in this matter**

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ JONATHAN A. STREET**
**JONATHAN A. STREET, BPR No. 021712**
**BRANDON HALL, BPR No. 034027**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

*Attorneys for Plaintiff*