IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ADAM SANCHEZ, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: 3:18-cv-00738 |
| DELOITTE SERVICES, LP | ] JURY DEMAND |
| Defendants. | ] |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now the Plaintiff and files this reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 30). Plaintiff again respectfully requests the Court grant Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 28).

**(I) Defendant Filed the State Lawsuit with Retaliatory Motive and In Bad Faith**

Defendant in their response to Plaintiff's Motion to Amend incorrectly claim Plaintiff failed to allege facts that, if true, show that the State Lawsuit was filed in "bad faith" or baseless. It bases this on its misguided idea that "Plaintiff's Proposed Amended Complaint expressly admits that Plaintiff engaged in the very conduct on which the State Lawsuit's claims are based." (Def. Resp., Doc. 30, p. 6)

Plaintiff's Motion to Amend was not intended to litigate the pending Motion to Dismiss filed in the State Lawsuit.[1] Said motion is set to be heard on December 13, 2019 in the Chancery Court for Davidson County. Defendant however claims in its' response Plaintiff has admitted the lawsuit they filed in state court is not baseless based on the facts presented in Plaintiff's proposed Amended Complaint.

---

[1] Throughout this Reply, "Plaintiff" refers to Mr. Sanchez and "Defendant" refers to Deliotte even when discussing the State Lawsuit.

1

As such, Plaintiff incorporates by reference the aforementioned Motion to Dismiss.[2] As stated in Plaintiff's Amended Complaint ("PAC") ¶¶ 98-102 and Motion to Dismiss, the State Lawsuit has been filed (1) with retaliatory motive and (2) lacks reasonable basis in fact and law. Additionally, Plaintiff is not required to prove the State Lawsuit is baseless.

### A. The request for speculative damages and isolated nature of the State Lawsuit show retaliatory motive

Plaintiff's Amended Complaint sufficiently pleads facts stating the State Lawsuit shows retaliatory motive and bad faith. Defendant filed the State Lawsuit soon after the case did not settle at mediation.[3] At mediation, Defendant discovered Plaintiff had information regarding the salaries of employees in the position they were legally required to place Plaintiff in under USERRA. Prior to learning Plaintiff had this information, Defendant tried to falsely claim persons in said position made no more money than Plaintiff. However, instead of negotiating in good faith towards a reasonable settlement based on *facts*, Defendant sued Plaintiff for having this information disproving Defendant's salary claims. Information Defendant would have had to provide through discovery.[4]

Defendant's request for injunctive relief in this matter seeks to prevent Plaintiff from discussing relevant facts about his case with his lawyers. Defendant admits they can identify no one other than his attorneys or the mediator to whom Plaintiff has disclosed this alleged "confidential information." Also, Defendant's baseless request for monetary damages in the State Lawsuit must be weighed as a factor in its retaliatory motive.[5] No facts in the State Lawsuit provides a basis for monetary damages.[6]

---

[2] Attached hereto as Exhibit A
[3] *See* Plaintiff's Proposed Amended Complaint ("PAC"; Doc. No. 29) at ¶¶ 62, 65.
[4] *See* Pl. Mem. Exhibit B (Doc. No. 29-2), *Deloitte v. Sanchez* Complaint, 5, ¶¶ 19-20; PAC at ¶ 98-102.
[5] *See* Memorandum in Support of Plaintiff's Motion for Leave to File Amended Complaint ("Pl. Mem.") Exhibit B, *Deloitte v. Sanchez Complaint*, at 6 (Defendant seeks "to recover all of its damages that are quantifiable and seeks injunctive relief . . . ."); *see also* Pl.'s Mem. at 13 ("'[T]he chilling effect of a state lawsuit upon an employee's willingness to engage in protected activity is multiplied where the complaint seeks damages in addition to injunctive relief. . . .'" (citing *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 741, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983)).
[6] Defendant is aware of its lack of basis contrary to its Response. *Cf.* Def. Resp. at 2 ("Deloitte does not know exactly what information Plaintiff accessed, when he accessed it, how he accessed it, and to whom he has disclosed it."), *with* Pl. Mem. Exhibit B (Doc. No. 29-2), *Deloitte v. Sanchez* Complaint, 5, ¶¶ 19-20.

An employer acting in good faith to protect itself does not file a lawsuit seeking monetary damages *before* conducting at least a preliminary investigation. Discovery into Defendant's history – or lack thereof – of similar lawsuits against former employees will further enlighten the Court and Plaintiff as to Defendant's retaliatory motive in filing the State Lawsuit.

These facts go well beyond speculative. Had Plaintiff not initiated this lawsuit against Defendant and/or informed Defendant of evidence in their possession showing one of their claims was patently false, Defendant would never have filed the State Lawsuit against Plaintiff. Defendant filed the State Lawsuit to harass Plaintiff and to intimidate him into dismissing his USERRA lawsuit or settling his claims for less than they are worth.

In their response, Defendant fails to cite a single case in which an employer filed a *separate lawsuit* against an employee.[7] Novel issues should not be precluded at the motion to amend stage. *See Runnion v. Girl Scouts of Great Chi.*, 786 F.3d 510, 520 (7th Cir. 2015) ("The liberal standard for amending under Rule 15(a)(2) is especially important where the law is uncertain."). Defendant cites cases involving *counterclaims* (mostly compulsory) and other actions related to litigation tactics. See, e.g., *Houser v. Bridges of Ind.*, No. 2:10–cv–118, 2010 WL 2902718, at *2 (S.D. Ind.) (allowing defendant's assertion of compulsory counterclaim).

Defendant offers *Carr v. TransCanada* as factually analogous to the issues before the Court. The claims in *Carr* were **compulsory counterclaims**, and thus the *Carr* defendant was **required** to file the claims to preserve them. *Carr v. TransCanada USA Servs., Inc.*, No. 3:14-CV-01084, 2014 WL 6977651, at *3 (M.D. Tenn. Dec. 8, 2014) ("Defendant alleges, and the [p]laintiffs do not dispute, that

---

[7] Defendant states in a footnote that a separate lawsuit is akin to a permissive counterclaim and then immediately quotes a case involving a compulsory counterclaim. See Def. Resp. 3, n.1; *Carr v. TransCanada USA Servs., Inc.*, No. 3:14-CV-01084, 2014 WL 6977651, at *2-3 (M.D. Tenn. Dec. 8, 2014) (compulsory counterclaims). There are several reasons why a separate lawsuit in a different court system is distinguishable from a permissive counterclaim, including (i) increased expenses of separately litigating claims instead of the more efficient option of adding claims to an existing lawsuit; (ii) time and inconvenience of being haled into a different court; (iii) a plaintiff in such circumstances risks being unable to retain defense counsel, who generally do not work on a contingency basis; and (iv) two separate factfinders may be limited in their ability to see the full picture of the parties' history and actions.

the [c]ounterclaims were compulsory under Federal Rule of Civil Procedure 13. Thus, [d]efendant was required to plead the [c]ounterclaims or risk its claims being barred forever.").

**(B)     Plaintiff has no burden to show the State Lawsuit is baseless**

Numerous courts have held retaliatory animus alone is sufficient to support a retaliation claim in response to an employer's litigation. *See, e.g.*, *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 157 (3d Cir. 1999) (rejecting *Bill Johnson's* two-prong standard (retaliatory motive and baseless) in the employment context because *Bill Johnson's* "construed a specific, ambiguous provision of the NLRA defining unfair labor practices."); *Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 294 (E.D.N.Y. 2012) ("Even if the litigation is not frivolous, it still may be considered retaliatory if motivated, even partially, by a retaliatory animus" . . . "[t]he proposition that the *Bill Johnson's* standard is inapplicable in the employment discrimination context is strengthened by the Supreme Court's decision in *Burlington* . . .").

Defendant cites *zero* Sixth Circuit cases adopting the *Bill Johnson's* standard, contrary to Defendant's assertion.[8] *See, e.g., E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 75 F. Supp. 2d 756, 760 (N.D. Ohio 1999) ("Courts may indeed have the tools to deal with bad faith litigation; but that is essentially a policy consideration that is properly the subject of legislative cognition."); *Carr*, 2014 WL 6977651, at *3 ("In this case, there are no factual allegations showing that the [c]ounterclaims were filed in bad faith *or with a retaliatory motive*.") (emphasis added). Lastly, Defendant's proffered "sham" litigation standard is limited to the antitrust context.

Even considering Plaintiff's lack of burden, the State Lawsuit lacks reasonable basis in fact and law since Plaintiff had been permitted full access to the information at issue, which precludes liability as a matter of law. *See* PAC, ¶ 100.

---

[8] *See* Def. Resp. at 3 ("The Sixth Circuit has held repeatedly that only bad faith, or baseless, counterclaims can be retaliatory.").

4

**(II)** **The State Lawsuit is an Adverse Action under *Burlington* Because Defending a Retaliatory Lawsuit and the Threat of a Monetary Judgment Could Dissuade a Reasonable Worker from Supporting His Claim**

Defendant does not dispute *Burlington* is the appropriate standard in this case yet and attempts to rely on *Gross* in an attempt to avoid the standard set out in *Burlington*. In their response, Defendant fails to mention in *Gross* the court had previously **granted the plaintiff's motion to amend to add the retaliation claim**. *Gross v. Akin, Gump, Strauss, Hauer & Feld, LLP*, 599 F. Supp. 2d 23, 28 (D.D.C. 2009) ("This [c]ourt granted both [m]otions to [a]mend on [date]."). The procedural posture in *Gross* was the summary judgment stage. *Id.* at 28. Furthermore, *Gross* concerned **compulsory** counterclaims, which as discussed, *supra*, are not equivalent to a separate lawsuit. *Id.* at 34. *Gross* actually **supports** Plaintiff's position because it clearly illustrates the liberal motion to amend standard.

As for its interpretation of *Burlington*, *Gross* is not representative of federal caselaw. For example, in *Berrada* the court declined defendants' invitation to follow *Gross* because "the *Burlington* Court made clear that in retaliation cases, an adverse employment action may 'extend[] beyond workplace-related or employment-related retaliatory acts and harm.'" *Berrada v. Cohen*, No. CV 16-574, 2017 WL 1496930, at *6 (D. N.J. Apr. 24, 2017); s*ee also Outback Steakhouse*, 75 F. Supp. 2d at 757 ("[I]n examining the genealogy of the Sixth Circuit's test, it becomes apparent that the phrase "adverse employment action" was not meant to exclude adverse retaliatory actions that are not employment-related"). This issue need not be decided for the Motion to Amend.

Here, Defendant's retaliatory State Lawsuit would dissuade a reasonable worker from filing a charge of discrimination. Defending a retaliatory lawsuit has severe monetary, professional, personal, and psychological consequences. *See Parry v. New Dominion Const., Inc.*, No. 14-1115, 2015 WL 540155, at *7-8 (W.D. Pa. Feb. 10, 2015) (granting amendment for retaliation claim because subjecting the plaintiff to potential monetary damages could dissuade a reasonable worker from making or

5

supporting a charge of discrimination); s*ee also Nichols v. Snow*, No. 3:03-0341, 2006 WL 167708, at *18 (M.D. Tenn. Jan. 23, 2006) ("Many courts addressing the post-employment issue have afforded protection to plaintiffs in connection with a former employer's [adverse action] … The [c]ourt finds that [p]laintiff has proffered evidence sufficient to show that there exists a genuine issue of material fact concerning . . . whether [defendant] had a retaliatory motive in [taking the adverse action].").

**(III)    Plaintiff Has Plead Sufficient Facts to Support His 1985(2) Claim**

Plaintiff's section 1985(2) factual allegations, accepted as true, state a plausible claim. *See U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 407 (6th Cir. 2016) ("'The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'") (citing *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995)). Plaintiff alleges Howard Byrd and the other co-conspirators acted outside the scope of their employment to deter and threaten him from seeking redress in federal court. *See* PAC ¶ 115. The conspirators knew the result of the State Lawsuit would threaten Plaintiff's financial and mental health and would undermine Plaintiff's employment prospects. *Id.* at ¶ 118. If taken as true, these allegations state a plausible 1985(2) claim.

**(IV)    The *Noerr-Pennington* Doctrine Is Inapplicable to the Federal Law or Facts of This Case**

Defendant's assertion of the *Noerr-Pennington* doctrine is misplaced and misstated. As discussed above, the *Bill Johnson's* standard has not been adopted in employment cases in the Sixth Circuit. *Bill Johnson's*, 461 U.S. at 748-49 (holding the National Labor Relations Board may not **enjoin** the prosecution of an employer's state lawsuit unless the lawsuit contains retaliatory motive and lacks a reasonable basis); s*ee also BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 526, 122 S. Ct. 2390, 2396, 153 L. Ed. 2d 499 (2002) (referencing the two-part "sham antitrust litigation" definition).

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Amend.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ JONATHAN STREET**
**JONATHAN A. STREET, BPR No. 021712**
**BRANDON HALL, BPR No. 034027**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served via the Court's CM/ECF system this 25rd day of October, 2019 to the following:

J. Christopher Anderson
Elise Hofer McKelvey
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, Tennessee 37201
chrisanderson@littler.com
ehofer@littler.com

                                            **/s/ Jonathan Street**
                                            **Jonathan Street**